UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESSION SYSTEMS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>UMN PHARMA, INC., KENGO UEMURA, and JONATHAN DRUTZ,<br><br>   Defendants. | No.  2:13-CV-00965-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING THE MOTION TO DISMISS FOR UNTIMELY SERVICE** |

   This matter is before the Court on Defendant Jonathan Drutz's ("Drutz") Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c) and Defendants UMN Pharma, Inc. ("UMN Pharma") and Kengo Uemura's ("Uemura") Motion to Dismiss for untimely service (Doc. #16) against Plaintiff Expression Systems, LLC ("Plaintiff").  Plaintiff opposes the motion ("Opposition") (Doc. #18).[1]  Defendant filed a Reply to the Opposition (Doc. #20).

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for November 6, 2013.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

This action originated when Plaintiff filed the Complaint (Doc. #1) in this Court on May 14, 2013.  Plaintiff is a biotechnology company that manufactures and sells animal-free medium for use in the production of vaccines.  Comp. ¶¶ 13-17. Defendant UMN Pharma is a Japanese company, which employed Defendant Uemura, a Japanese citizen.  Id. ¶¶ 6-8.  Defendant Drutz is a United States citizen who acted as a liaison between Defendant UMN Pharma and Plaintiff.  Id. ¶¶ 9-10, Exh. A.  David Hedin is the registered owner of Plaintiff.  Id. ¶ 12.

Plaintiff alleges that Defendants initiated contact with it starting in March 2012.  Comp. ¶ 27.  Over the ensuing three months, Plaintiff alleges that negotiations took place to establish a long-term purchase agreement between Plaintiff and Defendant UMN Pharma.  Plaintiff alleges that over this time Defendants deliberately misrepresented their intentions to enter into a future contract with Plaintiff in order to gain access to Plaintiff's products and technology.  Plaintiff alleges that it reasonably relied on these representations and suffered damages as a result.  Plaintiff alleges that in June 2012 the negotiations ceased.

The Complaint asserts six causes of action against all Defendants: (1) Intentional Fraud; (2) Negligent Misrepresentation; (3) False Promise; (4) Breach of a written Contract; (5) Breach of an oral Contract; and (6) Unjust Enrichment.

2

II.  OPINION

A.  Legal Standard

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).  "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Lorbeer v. Am. Tel. & Tel. Co., 958 F.2d 377 (9th Cir. 1992).

In considering a motion under Rule 12(c), a court must generally limit its review to the pleadings themselves.  Hal Roach Studios, 896 F.2d at 1542.  However, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence" and, thus, may be considered in a Rule 12(c) motion.  Summit Media LLC v. City of L.A., CA, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998)).  Extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion.  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971,

981 n. 18 (9th Cir. 1999).

B. <u>Discussion</u>

1. <u>Defendant Drutz</u>

Defendant Drutz argues that he is entitled to judgment on the pleadings on each of Plaintiff's causes of action against him. Motion at p. 2. In the Opposition, Plaintiff does not oppose judgment in Defendant Drutz's favor on the Breach of Contract claims in the fourth and fifth causes of action and the Unjust Enrichment claim in the sixth cause of action. Opposition at p. 2. Therefore, the Court grants Defendant Drutz's motion as to those claims against him.

Defendant Drutz contends the remaining causes of action involve claims of fraud and thus are subject to the heightened pleading standard of Rule 9 of the Federal Rules of Civil Procedure. Motion at pp. 15-16. He argues that Plaintiff has failed to meet these requirements in three respects: (1) Plaintiff's allegations regard future intentions not past or present material fact as required; (2) Plaintiff has not adequately alleged that its reliance was reasonable; and (3) Plaintiff has failed to allege any facts demonstrating the required element that the statements were false. Motion at pp. 18-19. As a result, Defendant Drutz contends the Court should grant judgment in his favor on the remaining claims.

Plaintiff does not contest that the remaining causes of action are subject to Rule 9. Opp. at p. 4. It argues the claims are based on the continued misrepresentations offered by Defendant Drutz regarding the then existing intentions of

4

Defendant UMN Pharma that Defendant Drutz knew, or should have known, were false and that were made with the intention to defraud Plaintiff. Id. at pp. 5-8. Plaintiff argues it reasonably believed the representation and relied on it, resulting in damages. Id. at p. 9. It argues these elements were pleaded with the requisite particularity to meet Rule 9 requirements.

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997)). Under the heightened pleading standard in the federal rules, a plaintiff must also allege the specific circumstances constituting fraud such that the defendant has notice of the actual misconduct. Id. at 1124. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). A cause of action "'based on a false promise is simply a type of *intentional* misrepresentation, i.e., actual fraud.'" Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc., 868 F. Supp. 2d 983, 995 (E.D. Cal. 2012) (emphasis in original).

Under California law, a cause of action for negligent misrepresentation is comprised of the same elements as a claim

5

for fraud: "'(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage (citations omitted).'" Foster Poultry Farms, 868 F. Supp. 2d at 994-95. The only difference is that a negligent misrepresentation claim does not require knowledge of falsity. Id. "Rather, to plead negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe the representation was true." Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141-42 (C.D. Cal. 2003).

Although the Ninth Circuit has not definitively held that Rule 9's requirements apply to a claim for negligent misrepresentation, most federal courts in California hold that they do. Villegas v. Wells Fargo Bank, N.A., C 12-02004 LB, 2012 WL 4097747 (N.D. Cal. 2012). Plaintiff does not contest this and the Court will follow the majority in finding Rule 9 applies to the three remaining claims.

Reviewing Plaintiff's claims, the Court finds Plaintiff has failed to adequately allege viable claims in the first three causes of action. "It is hornbook law that an actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions." San Francisco Design Ctr. Associates v. Portman Companies, 41 Cal. App. 4th 29, 43-44 (1995) (dismissed, remanded and ordered published, 911 P.2d 1373 (Cal. 1996)). As alleged, Defendant

6

Drutz's representations did not involve past or existing material facts. Plaintiff argues Defendant Drutz was making fraudulent representations about UMN Pharma's intentions at the time. However, the representations provided by Plaintiff as the basis of its claims fail to support this contention.

The misrepresentations alleged by Plaintiff in the Complaint and echoed in the Opposition all involve statements by Defendant Drutz concerning "goals," "possibilities," and particular "interests." Opp. at pp. 6-8; Comp. Exh. A, C, I, and O. The Complaint and the exhibits attached thereto include numerous examples of ongoing negotiations between the parties, but no evidence of any promises or definitive future agreements.[2]

Even were the Court to find these communications constituted actionable misrepresentations about Defendant UMN Pharma's goals and intentions, Plaintiff fails to adequately allege how it could reasonable rely on the quoted statements to conclude that Defendant UMN Pharma had agreed to enter into a long-term purchase agreement, or that one already existed, and that Plaintiff would absolutely be compensated for its work. As the Motion points out, Defendants' communications frequently reiterated that Defendant Drutz was not the final decision maker and that he could not discuss final details such as price. Comp. Exh. I. The documents provided by Plaintiff show that even Mr.

---

[2] The only explicit references in the Complaint regarding representations made by Defendant Drutz concern "the *idea* of selling media in the future" (¶57), implying a "growing relationship" between the companies and "future growth" (¶¶59, 64, 69-70), and Defendant Drutz asking for more information (¶79).

7

Hedin understood that required details of any possible agreement still needed to be worked out and as far as the negotiations were concerned there was "no real commitment in the future, just a hope . . . ."  Comp. Exh. G, N, P.

Accordingly, the Court hereby grants Defendant Drutz's motion for judgment on the pleadings as to the remaining causes of action.  As the Complaint, the attached communications, and the Opposition show, amendment of the Complaint would be futile; the communications between Defendant Drutz and Plaintiff cannot serve as the basis for actionable misrepresentation claims.  Therefore, the remaining claims against him are dismissed with prejudice.

### 2.    Foreign Defendants

Defendants UMN Pharma and Uemura contend the Court should dismiss the suit against them based on Plaintiff's failure to timely serve them.

Defendants contend Plaintiff failed to meet the 120-day time limit set by this Court (Doc. #5) and imply in the Motion that Plaintiff has failed to perform due diligence.  Motion at pp. 22-23.

"Once service is challenged, [a plaintiff] bear[s] the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  Rule 4(f) of the Federal Rules of Civil Procedure states that a plaintiff may serve a foreign defendant by any internationally agreed means that is reasonably calculated to give notice.  Rule 4(m) sets a time limit of 120 days; however, it is inapplicable to the

8

service of foreign defendants subject to Rule 4(f).

Plaintiff states in the Opposition, and Plaintiff's counsel avers in an attached declaration (Doc. #18-1), that it has translated the complaint into Japanese and has attempted three times to serve it on the foreign Defendants through the Ministry of Justice of Japan. Opp. at p. 11. According to the declaration of Plaintiff's counsel, the first two attempts resulted in the documents being returned with changes requested. After making the requested changes, Plaintiff's counsel attempted service a third time on October 1, 2013.

The Court finds that Plaintiff has diligently attempted to properly serve Defendants UMN Pharma and Uemura. The Court finds Defendants' reliance on a footnote in Thayer v. Dial Industrial Sales, Inc., 85 F. Supp. 2d 263, 266 n.1 (S.D.N.Y. 2000), unpersuasive. As opposed to the plaintiff in Thayer who failed to make any attempts at serving the defendant, here, Plaintiff has thrice attempted to meet the requirements of service under Rule 4.

Accordingly, Defendants UMN Pharma and Uemura's Motion to Dismiss for Untimely Service is DENIED WITHOUT PREJUDICE. The Motion may be renewed if proof of service of the Complaint on these Defendants is not filed within sixty (60) days of the date of this Order or good cause is not shown by Plaintiff for its failure to meet this deadline.

### III. ORDER

For the foregoing reasons, Defendant Drutz's Motion for Judgment on the Pleadings is GRANTED WITH PREJUDICE. Defendants

UMN Pharma and Uemura Motion to Dismiss for Untimely Service is DENIED.

    IT IS SO ORDERED.

Dated:   January 22, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE