UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESSION SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UMN PHARMA, INC., KENGO UEMURA, and JONATHAN DRUTZ, and DOES 1-99,<br><br>　　　　Defendants. | No.  2:13-CV-00965-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant UMN Pharma, Inc.'s ("UMN") Motion to Dismiss (Doc. #25) Plaintiff Expression Systems, LLC's ("Plaintiff") Complaint (Doc. #1).  Plaintiff opposes the motion ("Opposition") (Doc. #29).[1]  UMN filed a Reply to the Opposition (Doc. #32).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This motion addresses the allegations in the original

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for August 6, 2014.

1

1  complaint, which were well-documented in the Court's previous
2  Order (Doc. #21) on Defendant Jonathan Drutz's ("Drutz") Motion
3  for Judgment on the Pleadings (Doc. #16).  Below is a brief
4  recounting of the allegations.
5      Plaintiff alleges that UMN initiated contact with it
6  starting in March 2012, largely through its agents Drutz and
7  Defendant Kengo Uemura ("Uemura").  Comp. ¶ 27.  Over the ensuing
8  three months, Plaintiff alleges that negotiations took place to
9  establish a long-term purchase agreement between Plaintiff and
10 UMN.  Plaintiff alleges that over this time UMN deliberately
11 misrepresented, through its agents, its intentions to enter into
12 a future contract with Plaintiff in order to gain access to
13 Plaintiff's products and technology.  Plaintiff alleges that it
14 reasonably relied on these representations and suffered damages
15 as a result.  Plaintiff alleges that in June 2012 the
16 negotiations ceased.
17     The Complaint asserts six causes of action against UMN:
18 (1) Intentional Fraud; (2) Negligent Misrepresentation; (3) False
19 Promise; (4) Breach of a written Contract; (5) Breach of an oral
20 Contract; and (6) Unjust Enrichment.  The Court granted Drutz's
21 previous Motion for Judgment on the Pleadings with prejudice,
22 removing him from the current litigation.
23     The Court denied UMN and Uemura's Motion to Dismiss for
24 untimely service.  On March 24, 2014, the Court granted Plaintiff
25 an additional 120 days to serve the foreign defendants, UMN and
26 Uemura (Doc. #24).
27 ///
28 ///

II.   OPINION

A.   Motion to Dismiss

UMN contends the Court should dismiss each of the six claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In its Opposition, Plaintiff only opposes the motion as to two of the claims: false promise and breach of a written contract. Opp. at pp. 6, 11.

1.   False Promise

Both parties agree that a claim of false promise is subjected to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

Plaintiff argues the statements and actions of UMN during the negotiations process represented a promise to perform that UMN never intended to fulfill, constituting an actionable false promise. Opp. at pp. 7-9. UMN contends Plaintiff's claim fails to include allegations of false statements of past or present fact, a requirement for a false promise claim; fails to adequately plead reasonable reliance upon the alleged promise; and does not allege any facts to demonstrate the falsity of its statements. MTD at pp. 13-14.

As stated in the Court's previous order, a cause of action "'based on a false promise is simply a type of *intentional* misrepresentation, i.e., actual fraud.'" Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc., 868 F. Supp. 2d 983, 995 (E.D. Cal. 2012) (emphasis in original). "The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

3

reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997)).  Under the heightened pleading standard in the federal rules, a plaintiff must also allege the specific circumstances constituting fraud such that the defendant has notice of the actual misconduct.  Id. at 1124.  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  Id. (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

   Plaintiff's opposition first relies on a statement in an email from Drutz that purports to quote UMN as saying: "The compensation for using [Plaintiff's] cell line is media."  Opp. at p. 7; Comp. Exh. N.  However, that very same email includes a statement from Drutz that the deadline for UMN to decide whether it would choose Plaintiff as a vendor was nearing, rather than indicating any commitment that it had chosen Plaintiff. Furthermore, in the email Plaintiff replies with a counter to UMN's proposed compensation package, and specifically indicates that the parties "aren't on the same page."  These communications are clearly part of a negotiation between two parties attempting to come to an ultimate agreement, not actual promises to perform in any concrete way.

   Plaintiff next discusses another Drutz email in which Drutz writes: "UMN has decided to proceed with the licensing of the Favrille Sf9 cells, but of course there is still information needed."  Opp. at p. 8; Comp. Exh. O.  Plaintiff also points to Drutz's recounting of the offer given by Plaintiff at an earlier

4

date.

As is clearly indicated by the second half of the very sentence relied on by Plaintiff, more information was needed before any firm commitments could be made. In fact, later in the email Drutz outlines a series of issues on which UMN needed to have Plaintiff's feedback and offered a package of compensation moving forward. Plaintiff's reply email clearly indicates that there was still "so much uncertainty in many areas of concern" that it did not agree with UMN's approach going forward. Comp. Exh. P. In response, UMN communicates its decision not to continue the negotiations. The quoted statement does not constitute an actionable misrepresentation.

Finally, Plaintiff contends that UMN's scheduling of an audit and ordering gene sequencing were actions that constituted a promise to pay for all of the work Plaintiff was performing. However, it is clear even from Plaintiff's own emails that no concrete promise to perform was ever made. Even were these emails and actions somehow considered "promises," Plaintiff has not sufficiently alleged how it justifiably relied on them. Accordingly, the Court grants UMN's Motion to Dismiss the False Promise cause of action. It appears from the multiple rounds of briefing and the extensive documentation accompanying the Complaint that granting Plaintiff leave to amend would be futile. As such, the claim is dismissed without leave to amend.

### 2. Breach of a Written Contract

UMN also seeks dismissal of Plaintiff's cause of action for breach of a written contract.

"A cause of action for a breach of contract requires proof

5

1  of the following elements: (1) existence of the contract;
2  (2) plaintiff's performance or excuse for nonperformance;
3  (3) defendant's breach; and (4) damages to plaintiff as a result
4  of the breach." <u>CDF Firefighters v. Maldonado</u>, 158 Cal. App. 4th
5  1226, 1239 (2008).
6      UMN contends there is no written contract or any facts
7  alleged in the Complaint regarding its terms.  MTD at p. 15.
8  Plaintiff responds that an email it sent regarding price
9  estimates in March 2012 constituted an offer.  Plaintiff contends
10 UMN accepted that offer by conducting an audit and ordering gene
11 sequencing, arguing UMN "effectively accepted that offer through
12 their behavior and expressed expectation of performance by the
13 June deadline."  Opp. at p. 10.
14      Plaintiff fails to clearly elaborate how these actions
15 indicate an acceptance of Plaintiff's initial terms estimate.  As
16 UMN's Reply demonstrates, the parties were in sustained
17 negotiations where the proposed terms and components of the deal
18 changed repeatedly.  Nothing in the Complaint or the numerous
19 accompanying exhibits indicates any agreement was made.
20 Plaintiff's allegations simply fail to support the claim that a
21 written contract was formed.  Accordingly, UMN's Motion to
22 Dismiss Plaintiff's claim for breach of a written contract is
23 granted.  The Court finds leave to amend would be futile for the
24 same reasons discussed above, and grants UMN's motion without
25 leave to amend.
26      B.   <u>Service on Uemura</u>
27      As indicated, the Court previously granted Plaintiff an
28 additional 120 days to serve Uemura with the Complaint.  The

6

Court informed the parties that no further extensions of time would be granted.  The Order was dated March 24, 2014, which would set the deadline for service on July 22, 2014.  As no proof of service has been provided to the Court as of the date of this Order, the Court hereby dismisses the claims against Uemura sua sponte for untimely service.

### III. ORDER

For the foregoing reasons, UMN's Motion to Dismiss is GRANTED without leave to amend.  Furthermore, the claims against Kengo Uemura are dismissed sua sponte by the Court.

IT IS SO ORDERED.

Dated: August 25, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE